UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| Kimberlin Gibson, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: 1:14-cv-448-SEB-DML |
| Creditors Service of Indiana, Inc., | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes Plaintiff, Kimberlin Gibson, by and through her attorney, John T. Steinkamp, in support of her Motion for Summary Judgment, respectfully provides as follows:

### I. INTRODUCTION

Plaintiff filed a Complaint against Creditors Service of Indiana, Inc., ("Defendant") on March 21, 2014, alleging several violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §1692, *et. seq*. Specifically, Plaintiff alleges: (1) Defendant misrepresented the character of the debt by stating that it was attempting to collect for "Multiple Creditors" without identifying said alleged creditors, in violation of 15 U.S.C. §§ 1692e, 1692d, and 1692f; and (2) by misrepresenting that it was attempting to collect on behalf of "Multiple Creditors", when in fact it was only attempting to collect for one creditor, a blatant material misrepresentation in violation of 15 U.S.C. §1692e and 1692f. For the reasons laid out in detail below, the Plaintiff's motion for summary judgment should be granted.

## II. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

On October 14, 2013, Defendant sent a dunning letter to Plaintiff, Kimberlin Gibson (hereinafter "Ms. Gibson"), which did not identify the name of the creditor for whom it was collecting. *Affidavit of Kimberlin Gibson, paragraph 8, Exhibit "1"*. Rather than identify the name of the creditor, Defendant's dunning letter only stated that Plaintiff owed "Multiple Creditors". *Affidavit of Kimberlin Gibson, paragraph 10*. The letter did not provide any clues as to the name of the creditor, or creditors, that the Plaintiff allegedly owed. *Affidavit of Kimberlin Gibson, paragraphs 7-10*. It did not contain any account numbers. Id. Defendant's letter stated that $2,965.50 was due to "Multiple Creditors". Id. Defendant did not provide any details regarding the identity of the creditors in its October 14, 2013, letter. Id.

After engaging in discovery during the course of this lawsuit, Defendant revealed that it was collecting for *only one creditor*, Radiology Associates of Indianapolis. *Deposition of Jason Van Dyke* (hereinafter "Van Dyke Depo"), page 17, lines 9-14.

Mr. Van Dyke, Defendant's representative, testified that Defendant was attempting to collect for one creditor and that Plaintiff had eleven accounts with that creditor. *Van Dyke Depo*, page 17, lines 3-12. The total amount due to the single creditor, Radiology of Associates of Indianapolis, was $2,965.50. Id., pg 18, lines 19-24. However, if the amounts for the accounts are added together, the sum is $3,008.25, not $2,965.50. *Van Dyke Depo*, page 32, line 7, through pg 35, line 21. Thus, the amount due for all of the accounts is not factually correctly which will be discussed in more detail later in this memorandum. The Defendant did not accurately provide the correct amount due according to its own records. The Defendant failed to

include all the accounts its employees claimed, under oath, it was attempting to collect in its October 14, 2013, dunning letter. *Van Dyke Depo*, pg 18, lines 19-24.

Plaintiff Kimberlin Gibson, a "consumer" as that term is defined by 15 U.S.C. §1692(a). *Affidavit of Kimberlin Gibson, paragraph 4*. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Defendant's Answer, Docket #12, page 3, paragraph 14*. The debts at issue in this matter are "consumer debts". *Affidavit of Kimberlin Gibson, paragraph 5*. The Defendant is collection agency operating in the State of Indiana. *Van Dyke Depo*, page 4, line 23 through page 5, line 2. Jason Van Dyke has been the Vice President of Defendant for approximately twenty (20) plus years. *Van Dyke Depo*, pg 6, lines 5-6. Tina Reynolds, a/k/a "Tina Brown" is the employee for Defendant who was assigned to Plaintiff's account. *Deposition of Tina Reynolds* (hereinafter "Reynolds Depo"), pg 9, lines 13-15.

In short, according to Defendant's own testimony, the dunning letter sent by Defendant to Plaintiff did not identify the creditor, misrepresented the number of creditors, and failed to provide the correct amount due.

### III. STANDARDS OF DECISION

#### A. Summary Judgment Standard

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 414 (7th Cir. 2005); *citing* Fed. R. Civ. P. 56(c). This rule requires the entry of summary judgment against the party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where a moving party supports its motion with affidavits or other

material demonstrating the absence of the material fact, the burden shifts to a non-moving party to demonstrate that an issue of material fact exists for trial. Reid v. Norfolk & W. Ry. Co., 157 F.2d 1106, 1110 (7th Cir. 1998).

"[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in...[their] favor on a material question, then the court *must* enter summary judgment against...[them]." Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994) (emphasis in original); *citing* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Celotex Corp., 477 U.S. at 322-24; and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986). "'Material facts' are those facts that under the applicable substantive law 'might affect the outcome of the suit' ". Patterson v. World Wrestling Assoc., No. 03-C-0374, 2006 WL 273527, (E.D. Wis. Jan. 31, 2006); *citing* Anderson, 477 U.S. at 248. "A party 'opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but...must instead set forth specific facts showing that there is a genuine issue for trial.' " Patterson, 2006 WL 273527; *quoting* Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir.1994) (quoting Anderson, 477 U.S. at 248; *also citing* Celotex Corp., 477 U.S. at 324; Matsushita Elec. Indus. Co., Ltd., 75 U.S. at 586-87; United States v. Rode Corp., 996 F.2d 174, 178 (7th Cir.1993)). While the evidence is viewed in a light most favorable to the nonmoving party, the party claiming genuine issues of material fact "gets the benefit of the doubt 'only if the record contains competent evidence on both sides of a factual question.'" Tri-Gen, Inc. v. Int'l Union of Operating Eng'rs, 433 F.3d 1024, 1030 (7th Cir. 2006); *quoting* Patel v. Allstate Ins. Co., 105 F.3d 365, 367 (7th Cir.1997). If the nonmoving party's "evidence is 'merely colorable' or 'not significantly probative,' then there is no genuine issue for

trial and summary judgment is appropriate." Tri-Gen, Inc., 433 F.3d at 1030; *citing* Anderson, 477 U.S. at 249-50.

In the instant case, it is clear that there are no genuine issues of material fact because the dunning letter sent by Defendant failed to identify the creditor, misrepresented the number of creditors, and failed to provide the correct amount due.  Additionally, when viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-moving party, a reasonable jury could return a verdict for Plaintiff, who is entitled to judgment as a matter of law. Therefore, and for reasons more fully developed below, Plaintiff's Motion for Summary Judgment should be granted.

### B. The "Unsophisticated Consumer" Standard Applies to FDCPA Cases

The United States Court of Appeals for the Seventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.* from the view of the "unsophisticated consumer." Avila v. Rubin, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").  The unsophisticated consumer standard "assumes that the debtor is uninformed, naive, or trusting." Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir. 1992). The FDCPA creates an "implied duty to avoid confusing the unsophisticated consumer", Scheunemann v. J.C. Christensen & Associates, Inc., 802 F.Supp.2d 981, 985 (E.D.Wis. 2011). Unsophisticated consumers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after the sixth grade. Johnson v. Revenue Mgmt. Corp., 169 F.3d 1057, 1060. An unsophisticated consumer may lose bills and may have forgotten about debts. Fields v. Wilber Law Firm, PC, 383 F.3d 562, 566 (7th Cir. 2004); *see also*, Moran v. Greene & Cooper, 43 F.Supp.3d 907, 914 (S.D.Ind. 2014.

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Congress found that "means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c). "The Act regulates the debt collection tactics employed against personal borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods." Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000). Thus, in evaluating claims for violations of the FDCPA, the Court must view defendants' conduct through the eyes of the unsophisticated consumer. Olson v. Schultz, 366 F.3d 509, 512 (7th Cir. 2004); Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004); Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 415 (7th Cir. 2005); Chuway v. National Action Financial Services, Inc., 362 F.3d 944, 949 (7th Cir. 2004); Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769, 773 (7th Cir. 2003).

### C. Broad Interpretation of the FDCPA and Strict Liability

The requirements of the FDCPA are "hyper-technical." Bailey v. Security Nat. Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them. ..." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989). A plaintiff need not prove intent, bad faith or negligence on the part of the debt collector in an FDCPA case. The "FDCPA is a strict liability statute," and proof of one violation is sufficient to support summary judgment for the plaintiff. Hartman v. Meridian Financial Servs., Inc., 191 F. Supp. 2d 1031,

1046 (W.D. Wis. 2002); *see also* Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); and Bartlett, 128 F.3d at 499.

Indeed, courts have found that the FDCPA is strict liability to the point where actual damages are not a prerequisite to recover under the Act. In Hill v. Priority Financial Services, Inc., 2001 WL 1155152 (S.D. Ind. 2001), this Court stated that, "[t]he FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." Id., at *7(*citing* Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998); Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997)). In fact, the Seventh Circuit in Bartlett determined that statutory damages were available even though the plaintiff had not even read the offending letter.

The FDCPA provides a private civil remedy against debt collectors that violate the Act. 15 U.S.C.§ 1692k. The legislative history of the FDCPA supports the view that "this legislation is primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance." S.Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer, and, when in doubt, against debt collectors. Heathman v. Portfolio Recovery Associates, LLC, 2013 WL 3746111 (S.D.Calif. 2013); *see also* Rouse v. Law Offices of Rory Clark, 603 F.3d 699, 705 (9th Cir. 2010)("the FDCPA should be construed liberally to effectuate its remedial purpose"); Cirkot v. Diversified Fin.Servs., Inc., 839 F.Supp. 941, 944 (D.Conn. 1993); Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 741 (7th Cir. 2004).

### IV. ANALYSIS

A. **The Defendant violated the FDCPA by making multiple misrepresentations in its dunning letter to the Plaintiff.**

In effectuating one of its many purposes, specifically "eliminat[ing] abusive debt collection practices by debt collectors" 15 U.S.C. § 1692e, the FDCPA states that it is a violation when a debt collector employs a, "(2)…false representation of – the character, amount, or legal status of *any* debt;…(10) The use of any false representation or deceptive means to collect or attempt to collect *any* debt…" 15 U.S.C. § 1692e (emphasis added).  Therefore, under the plain reading of the statutory language, a debt collector may not use any methods or means to attempt to collect a debt that would create a false or misleading representation.

This case centers around a letter from Defendant dated October 14, 2013.  In it, Defendant committed clear violations of the FDCPA by both acts of commission and its omission to act.  Specifically, Defendant failed to identify the creditor, or as the letter falsely put it "Creditors", for whom Defendant was collecting.  *Affidavit of Kimberlin Gibson, paragraphs 6-10*.  Additionally, the letter stated that it was attempting to collect on behalf of "Multiple Creditors", when, in fact, it was collecting for a single creditor.  *Van Dyke Depo*, pg 17, lines 9-14.  Finally, Defendant's dunning letter misrepresents the amount due.

**1.    The Defendant violated the FDCPA by failing to identify the creditor upon whose behalf it was collecting.**

"To preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor.  Knowing a creditor's identity allows the "least sophisticated consumer" to make more informed decisions on how to communicate with the creditor and avoid being misled."  Heathman v. Portfolio Recovery Associates, LLC, 2013 WL 3746111 at 3* (S.D.Calif. 2013) *citing* Isham v. Gurstel, Staloch & Chargo, P.A., 738 F.Supp.2d 986, 996 (D.Ariz. 2010).  Further, courts have stated that "[b]y ensuring that consumers are fully and **truthfully** apprised of the facts and of their rights, the FDCPA enables them "to understand, make informed

decisions about, and participate fully and meaningfully in the debt collection process." Tourgeman v. Collins Financial Services, Inc., 755 F.3d 1109, 1122 (9th Cir. 2014)(emphasis added) *citing* Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1176 (9th Cir. 2006) *quoting* Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). One purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010). Accordingly, misstating or failing to identify "the original creditor unquestionably could frustrate a consumer's ability to intelligently choose his or her response." Heathman, *supra*, at 3*.

Here, the dunning letter dated October 14, 2013, clearly fails to indicate the name of the creditor. *Affidavit of Kimberlin Gibson, paragraphs 6-10*. In fact, this letter is devoid of any other information that may assist the unsophisticated consumer in the consumer's attempt to choose intelligently. The dunning letter does not have any account numbers on it. *Affidavit of Kimberlin Gibson, paragraph 7-9*. The dunning letter does not have any other information that would provide the unsophisticated consumer with the identification of the account or the creditor. Id. Thus, the purpose of the FDCPA is frustrated by Defendant's dunning letter because Plaintiff is not fully apprised of the facts and is not able to make an informed decision in the debt collection process. Because the dunning letter is devoid of any other information that could lead the consumer to make an informed decision, it violates the FDCPA. Indeed, consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters. Tourgeman, *supra*, *quoting* Gonzalez v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1061 & n. 2 (9th Cir. 2011); *see also*, Fields v. Wilbur Law Firm, PC, 383 F.3d 562, 566 (7th Cir. 2004).

The language in Defendant's October 14, 2013, dunning letter to Plaintiff is nearly identical to language from a Northern District of Indiana case which was found to violate the

FDCPA. Specifically, in <u>Smith v. American Revenue Corp.</u>, 2005 WL 1162906 (N.D. Ind. 2005), the court ruled that a dunning letter stating the debt collector was attempting to collect for "various accounts" violated the FDCPA. In that case, as in this case, the offending collection letter was not the initial letter in the collection process and it failed to identify the original creditors to whom the debts were owed. The court in <u>Smith</u>, *supra*, found the debt collector's letter "patently confusing on its face in that, after a thorough and careful reading, this Court is unable to determine either the identity of the creditors or the amount owed to the specific creditors." <u>Id</u>., at *5. Assuming *arguendo* that Defendant's letter was factually correct and Plaintiff owed several different creditors, it would be impossible for her to make an intelligent decision as to how to approach the debts because she could not determine how much she owed and to whom she owed which, obviously, are important factors.

During the discovery process in the <u>Smith</u>, *supra*, case, Plaintiff learned that the letter the debt collector was attempting to collect on fourteen separate accounts. Similarly, in this case, Plaintiff determined through the discovery process that Defendant allegedly was attempting to collect on eleven accounts--but, pursuant to the testimony of the corporate representative of Defendant, the evidence suggests it only included ten of the eleven accounts in its letter. Mr. Van Dyke went through all eleven accounts the Defendant had prior to the sending of the letter. *Van Dyke Depo*, pages 32-35. The amounts, when added up, total an amount that is not the same as the amount that was on the October 14, 2013, dunning letter, despite Mr. Van Dyke's representation that all eleven accounts were included in said letter. "[D]ebt collectors must still clearly and fairly communicate information about the amount of the debt to debtors...[including] how the total amount was determined...." <u>Fields</u>, at 565.

Additionally, while Defendant in Smith asserted that the FDCPA is not a vehicle to remind forgetful consumers of the identity of their creditors and the amounts owed to them, the court correctly pointed out that the Seventh Circuit has disagreed with that assertion. Indeed, the court in Smith cited to Fields v. Wilber Law Firm, 383 F.3d 562 (7th Cir. 2004), which shows that this circuit rejects "the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call." Fields, at 566.

While Smith was decided in the Northern District of Indiana, Judge Barker in the Southern District has already found Smith persuasive regarding a debt collector's failure to properly identify the creditor in a dunning letter. Indeed, in Moran v. Greene & Cooper Attorneys LLP, 43 F.Supp.3d 907 (S.D. Ind. 2014), Judge Barker stated, "[i]t seems to us clear that failing to name the creditor entirely-like falsely identifying the creditor-is liable to lead to the kind of patent confusion forbidden by the statute." Id., at 913. Here, Defendant not only failed to name the creditor that it was collecting for, but misrepresented the number of creditors for whom it was attempting to collect and it misrepresented the amount due. Defendant's Vice President, Mr. Van Dyke, stated in his deposition that the Defendant was only attempting to collect for Radiology of Indianapolis, a single creditor. *Van Dyke Depo*, pg 17, lines 9-14, 22-23. Defendant's questioning of Ms. Gibson in her deposition regarding past letters misses the point of the FDCPA, and its argument that Ms. Gibson would know who Defendant was attempting to collect for by referencing those past letters. However, in agreeing with Smith, Judge Barker went on to say, "[u]nsophisticated consumers may lose track of their debts, *see* Fields v. Wilber Law Firm, P.C., 282, F.3d 562, 566 (7th Cir.2004), and it is plausible that [p]laintiff here would reasonably be confused by a letter demanding that he pay a sum of money to 'Unknown'" Moran, at 914. Stating that the identity of a single creditor is "Multiple Creditors" is the same sort of

false and deceptive practice as stating that the creditor is "Unknown". Indeed, in both instances, the identity of the creditor was not provided to the consumer. In the case at hand, Defendant did not provide even the most basic information to the unsophisticated consumer in its letter. Defendant failed to provide the name of the alleged creditor and it failed to provide the amount due on each account. There is no information on Defendant's dunning letter that saves it from liability, for even the inclusion of a telephone number for Ms. Gibson to call is not enough. "The Seventh Circuit has rejected the 'the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call.'" Moran, at 914 (*citing* Fields, at 566).

**2. The information contained in the Defendant's letter was incomplete and inaccurate.**

The Seventh Circuit Court of Appeals has ordered that "[d]ebt collectors may not make false claims, period." Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); *see also*, Turner v. JVDB & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003)(debt collector's knowledge of false representation not relevant, as § 1692e applies even when false representation unintentional). In the case at hand, Defendant's letter violates the FDCPA because it contains a materially false claim. Specifically, Defendant's letter states that it was attempting to collect for "multiple creditors" when, in fact, it was attempting to collect for a single creditor. An unsophisticated consumer would be confused and deceived by a dunning letter that contained such false information.

Shockingly, *Defendant's own representatives were unable to accurately determine* which accounts it was attempting to collect in its October 14, 2013, letter to Plaintiff. Indeed, both of Defendant's representatives who testified in deposition stated that the Plaintiff had eleven separate accounts with Radiology of Indianapolis. Defendant's representative, Mr. Van Dyke,

12

testified that all eleven accounts were included in the letter.  Additionally, Mr. Van Dyke was questioned about each individual account during his deposition.  *See Van Dyke Depo,* pg 32, line 7, through pg 35, line 21.  Specifically, Mr. Van Dyke read through eleven accounts, with the following amounts, $42.75; $45.75; $477.25; $85.50; $42.75; $492.75; $450.00; $208.00; $626.00; $500.00; and $37.50.  Id.  The Defendant's representative stated, under oath, that all of these amounts were included in the dunning letter sent to the Plaintiff.  *See Van Dyke Depo*, pg 18, lines 12-24.  However, when the amount due for all eleven accounts is added together, the total amount due is $3,008.25, not the $2,965.50 which was the amount demanded in Defendant's dunning letter.  It is preposterous for Defendant to demand that the unsophisticated consumer be able to figure out which accounts are included in a letter, one without any identifying information, when its own representative is unable to correctly do so.  In devising and sending out this collection letter, Defendant not only confused the unsophisticated consumer regarding which accounts it was attempting to collect, but also its own employees.

### B. The Defendant is not entitled to Bona Fide Error Defense

Under the FDCPA, Defendant may assert the bona fide error defense.  In this case, Defendant is not entitled to it.  In order to assert the bona fide error defense, Defendant must show that the violation was unintentional, that it was indeed a bona fide error, and that it was made despite the maintenance of procedures reasonably adapted to avoid **the error at issue**.  *See* Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1353-4 (N.D. Ga. 2008)(*citing* Valencia v. Affiliated Group, Inc., 2008 WL 4372895, at *4 (S.D. Fla. 2008)("the Court must evaluate whether Defendant's procedures were 'reasonably adapted" to avoid **the specific error at issue**")(emphasis in Edwards); Jenkins v. Heintz, 124 F.3d 824, 834-35 (7th Cir. 1997)).  Defendant is unable to meet this test as Defendant's representatives testified that its procedures

and policies, specifically the sending of companionated letters, are developed to **commit the very error at issue**. *Van Dyke Depo*, pg 38, line 11, through pg 39, line 14.  Defendant's policies are in fact to send out letters that state "Multiple Creditors" in the event a consumer has multiple accounts owed to a single creditor. *Reynolds Depo*, pg 8, lines 4-7.  Indeed, all "companionated letters" come out with "multiple creditors".  *Van Dyke Depo*, pg 39, lines 3-8. Additionally, no one verifies the amount due prior to sending out a letter.  *Van Dyke Depo*, pg 37, lines 10-16.

Indeed, the Defendant's representatives cannot even agree on who provides the training. In his deposition, Jason Van Dyke, the Vice President for the Defendant, stated that he did most of the training.  *Van Dyke Depo*, pg 9, lines 5-6.  However, Tina Reynolds, the collector who sent the letter at issue in this case, when asked, under oath, who provides the training, responded with "nobody in particular" *Reynolds Depo*, pg 26, line 15.  By this essential contradiction as to how the employees are trained to implement the procedures the Defendant does have, the Defendant has shown that its policies and procedures are neither designed to prevent the error at issue, nor effective in doing so.

## V.  CONCLUSION

Defendant's attempts to collect a debt from Plaintiff were: (1) misleading representations in violation of 15 U.S.C. §1692e, (2) threatening to file a lawsuit on a debt beyond the statute of limitations in violation of  15 U.S.C. §1692e and §1692f, and (3) were harassment or abuse by "engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person" in violation of 15 U.S.C. §1692d.  Indeed, the Defendant's letter failed to identify the creditor for whom it was attempting to collect.  The Defendant's letter misrepresented the

number of creditors for whom it was attempting to collect. The Defendant's letter misstated the amount due on the accounts it was attempting to collect.

Defendant's violations of the above-stated statutes are supported by the facts as demonstrated above. Accordingly, Plaintiff requests that her Motion for Summary Judgment be granted.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2015, the foregoing pleading was electronically filed. Service of the filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this document via the court's electronic filing system.

Peter Velde, pvelde@k-glaw.com
Nick Levi, nlevi@k-glaw.com

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com